# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID ASGARI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>IMMIGRATION OF PHOENIX,<br>IMMIGRATION OF CALIFORNIA,<br>HOMELAND SECURITY (AZ),<br>POLICE OF PHOENIX, and FBI(AZ).<br><br>　　　　　　Defendants. | CASE NO. 17-CV-1759-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

On August 31, 2017, Plaintiff Hamid Asgari, proceeding pro se, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a Request for Appointment of Counsel . (ECF Nos. 1, 2). Plaintiff "complain[s] about more than 6000 serious crimes against immigration of phoenix, immigration of California, homeland security (Az.), police of Phoenix, [and] FBI (AZ)." ECF No. 1 at 2. Plaintiff alleges that "[m]ore than 6000 officers spied on [him] as a taxi passenger." *Id.* at 3. Plaintiff seems to allege that the "crimes" that these officers committed was making Plaintiff "an instrument in a plan [and] their subject and laboratory m[ouse] . . . contrary to human dignity and the asylum law and human rights." *Id.*

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp.* (*In re Hedges*),

32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Even where a pro se plaintiff has difficulty articulating his or her claims, "exceptional circumstances" are not present if the plaintiff "has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel." *Wilborn*, 789 F.2d at 1331.

The Court has evaluated the likelihood of success of Plaintiff's claims and Plaintiff's ability to articulate his claims. While Plaintiff has difficulty articulating his claims, he "has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel." *Id.*

IT IS HEREBY ORDERED that the Motion for Appointment for Counsel (ECF No. 2) is DENIED.

DATED: November 16, 2017

**WILLIAM Q. HAYES**
United States District Judge